Owen ROBINSON, Appellant,

v.

WARDEN, FCI Fort Dix, N.J.; Federal Bureau Prisons; M. Holterman, Corrections Officer; C. Turner, Investigation Officer; R. Wiget, Correctional Counselor; W. Carroll, Unit Manager; A. Boyce, Disciplinary Hearing.

No. 07–2408.

United States Court of Appeals, Third Circuit.

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B) and/or

Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6 Aug. 30, 2007.

Filed: Oct. 11, 2007.

Owen Robinson, Fort Dix, NJ, pro se.

Before: RENDELL, SMITH and JORDAN, Circuit Judges.

OPINION

PER CURIAM.

Appellant Owen Robinson, a native and citizen of Jamaica, is incarcerated at the Federal Correction Institution at Fort Dix, New Jersey, serving a federal sentence for, as he puts it, violating the laws of the United States. On November 28, 2005, correctional officer M. Holterman conducted an authorized random search of Robinson's cell. Inside of Robinson's secured wall locker, Holterman found a Sony Erickson cell phone, two A/C adaptors, and two connectors. All items were sealed inside powdered milk containers. Robinson was cited for misconduct for a Code 305 violation, Possession of Anything Not Authorized, and a Code 108 violation, Possession, Manufacture or Introduction of a Hazardous Tool. Robinson refused to give a statement in his defense. He was adjudicated guilty following a disciplinary hearing, and, for the more serious Code 108 violation, the sanctions imposed were: 60 days of disciplinary confinement, loss of 41 days good conduct time, forfeiture of 54 days of non-vested good conduct time, and loss of telephone privileges for 6 months. For the Code 305 violation, the sanctions were: 15 days of disciplinary segregation, loss of commissary privileges for 120 days, and loss of visitation privileges for 6 months.

Robinson appealed through administrative channels, challenging the finding that he was guilty of the Code 108 violation. In pertinent part, Bureau of Prisons Regional Director D. Scott Dodrill concluded that it was reasonable for the disciplinary hearing officer to have adjudicated him guilty. He pointed out that a May 5, 2005 memorandum to the inmate population at FCI–Fort Dix advised that possession of a cell phone would be treated as a Code 108 violation. Robinson's appeal at the national level was similarly unsuccessful. Robinson challenged the BOP's determination that cell phones were hazardous tools. National Inmate Appeals Administrator Harrell Watts explained, however, that, in the BOP's view, cell phones were "hazardous tools" because they "permit an inmate to circumvent the telephone monitoring system, and may be used as a tool which coordinates or facilitates escape and the introduction of illicit materials or drugs."

Robinson filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 in the United States District Court for the District of New Jersey, seeking restoration of his good conduct time. He contended that the search of his cell violated the Fourth Amendment, Code 108 is unconstitutionally vague, a cell phone does not qualify as a hazardous tool, the evidence was insufficient to support the finding of guilty, and he was denied counsel and the right to cross-examine witnesses at his disciplinary hearing. In an order entered on April 17, 2007, 2007 WL 1140462, the District Court dismissed the habeas corpus petition with prejudice. Robinson appeals.

We will summarily affirm the order of the District Court dismissing the habeas corpus petition, because it clearly appears that no substantial question is

presented by this appeal. *See* Third Circuit LAR 27.4 and I.O.P. 10.6. Habeas corpus relief is available to a prisoner who has been sanctioned in violation of due process to a loss of good conduct time. *Wolff v. McDonnell,* 418 U.S. 539, 555–57, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974).[1] However, as explained by the District Court in its thorough opinion, "prisoners have no legitimate expectation of privacy," *Hudson v. Palmer,* 468 U.S. 517, 530, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984), and thus Robinson is not entitled to habeas relief on the search under the Fourth Amendment. Due process provides certain procedural protections at a prisoner's disciplinary hearing in Robinson's circumstances, *Wolff,* 418 U.S. at 564–66, 94 S.Ct. 2963, but, as explained by the District Court, due process does not require cross-examination or counsel. The findings of the disciplinary hearing officer must be supported by some evidence, *Superintendent, Massachusetts Correctional Inst. v. Hill,* 472 U.S. 445, 454–56, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985), but, as explained by the District Court, the standard was met in Robinson's case even though he now asserts that the BOP failed to prove ownership. The prohibited items were found inside sealed powdered milk containers in Robinson's secured wall locker, and that constitutes "some evidence" that the items were his items.

■ We also reject, as did the District Court, the argument that Code 108 is void for vagueness, and that a cell phone is not a hazardous tool. A statute or regulation must fail for vagueness if it "forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning." *Connally v. General Construction Co.,* 269 U.S. 385, 391, 46 S.Ct. 126, 70 L.Ed. 322 (1926). Prohibited acts under BOP regulations include Code 108, entitled "Possession, manufacture, or introduction of a hazardous tool (Tools most likely to be used in an escape or escape attempt or to serve as weapons capable of doing serious bodily harm to others; or those hazardous to institutional security or personal safety; e.g., hack-saw blade)." 28 C.F.R § 541.13, Table 3. Code 108 is not unconstitutionally vague on its face. Moreover, Robinson does not dispute that inmates at Fort Dix received notice well before he was charged with this misconduct that cell phones would be considered hazardous tools because of their hazardous potential. The BOP's definition of a hazardous tool to include a cell phone is not plainly erroneous or inconsistent with BOP regulations, *see Chong v. Dist. Dir., I.N.S.,* 264 F.3d 378, 389 (3d Cir.2001), and Robinson's conduct clearly falls within Code 108.

■ Finally, Robinson appeared also to argue that he had a right under Article 36 of the Vienna Convention on Consular Relations to consular notification of his having been charged by the BOP with misconduct. Among other requirements, Article 36 "instructs authorities of a receiving state to notify an arrested foreign national of his rights under the Convention without delay." *Jogi v. Voges,* 480 F.3d 822, 829 (7th Cir.2007) (quoting Vienna Convention, Art. 36, ¶ 1(b), April 24, 1963, 21 U.S.T. 77) (internal quotation marks omitted). Robinson, however, does not point to any case in which the arguable right of a foreign national to consular notification of his ar-

---

1. While the Due Process Clause protects against the revocation of good conduct time, it does not provide the same level of protection against the imposition of other forms of discipline, including disciplinary confinement and loss of various privileges. *See Torres v. Fauver,* 292 F.3d 141, 150–51 (3d Cir.2002) (citing *Sandin v. Conner,* 515 U.S. 472, 486, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995)).

rest or detention, *see generally Sanchez–Llamas v. Oregon*, —— U.S. ——, 126 S.Ct. 2669, 2681, 165 L.Ed.2d 557 (2006), has been extended to notification that he has been charged with a violation of prison rules.

We will summarily affirm the order of the District Court dismissing the habeas corpus petition with prejudice.